**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **CHARLES RAY ANDREWS, Jr.,** ) | | |
| Plaintiff, ) | | |
| vs. ) | **No. 3:15-CV-141-P (BH)** | |
| ) | | |
| **DALLAS FIRE RESCUE,** ) | | |
| Defendant. ) | **Referred to U.S. Magistrate Judge** | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order 3-251*, this pro se action has been referred for screening. Based on the relevant filings and applicable law, the plaintiff's claims should be summarily **DISMISSED** with prejudice.

**I. BACKGROUND**

On January 15, 2015, Charles Ray Andrews, Jr. (Plaintiff) filed suit against the Dallas Fire Rescue. (*See* doc. 1.) His one paragraph complaint states:

> Injecting me with Anectine on March 18, 2013 with Dallas police looking over me and they had me in the grass kicked me in my calf and threw me in the police car with windows up. Anectine simulates death and that's what I was experiencing."

(*Id.*) No process has been issued in this case.

**II. PRELIMINARY SCREENING**

Because Plaintiff is proceeding in forma pauperis, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2). This statute provides for sua sponte dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. *See id.*

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." *Id.* at 327-28. Courts

> may dismiss a claim as factually frivolous only if the facts alleged are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional. As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them.

*Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (citations and internal quotation marks omitted).

Plaintiff alleges no factual support for his one-sentence claim that the defendant injected him with a substance that made him experience death. Under § 1915(e), a court is not bound to accept without question the truth of a *pro se* plaintiff's allegations. *Denton v. Hernandez*, 504 U.S. at 32-33. The absence of material facts, combined with the irrational nature of a claim, can support a finding of factual frivolousness. *See Wesson v. Oglesby*, 910 F.2d 278, 281 (5th Cir. 1990). Plaintiff's allegations have risen to the level of the irrational or wholly incredible, and his complaint should be dismissed as factually frivolous.

### III. RECOMMENDATION

Plaintiff's complaint should be **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

**SIGNED this 26th day of January, 2015.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

      A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

3